**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 08-cv-01080-CMA-KMT

JONATHAN ABERKALNS,
individually and on behalf of all Heirs and as surviving natural son of
OSKARS ABERKALNS, Decedent,

    Plaintiff,

v.

TRAVIS L. BLAKE, an individual and resident of Michigan, and
PRIORITY TRANSPORTATION, LLC, a Delaware Corporation,

    Defendants.

---

**ORDER REGARDING DEFENDANTS' MOTION
FOR JUDGMENT ON THE PLEADINGS**

---

    This matter is before the Court on Defendants' Motion for Judgment on the Pleadings (Doc. # 8). For the following reasons, the Motion is GRANTED and this case is DISMISSED WITH PREJUDICE.

**INTRODUCTION AND FACTUAL BACKGROUND**

    This is a wrongful death case, the facts of which are essentially undisputed. On February 11, 2005, Defendant Travis L. Blake parked the commercial semi-truck he was driving near the house of Oskars Aberkalns. At the time, Defendant Blake worked for Defendant Priority Transportation LLC, which also owned the truck.

    Oskars Aberkalns heard the truck running and approached the rig to investigate a loud noise he heard. As he approached, Defendant Blake accelerated away from the

parking spot at high speed.  The truck hit Oskars Aberkalns, knocking him into the path of the truck's wheels, which ran over his head and body.  The accident killed Oskars Aberkalns immediately.

On February 7, 2008, almost three years after the accident, Oskars Aberkalns' son, Plaintiff Jonathon Aberkalns filed this lawsuit in state court.  Plaintiff stated in his complaint that "[t]his is an action for wrongful death."  (Doc. # 1 at Ex. 1, ¶ 1.) He seeks damages for "all injuries, damages and losses he sustained due to . . . the death of his natural father, Oskars Aberkalns."  (*Id.,* ¶ 2.)  Defendants timely removed the lawsuit to this Court (Doc. # 1) and filed a Motion for Judgment on the Pleadings (Doc. # 8).  Plaintiff filed a Response to the Motion (Doc. # 17), Defendants filed a Reply (Doc. # 20), and the Motion is now ripe.

Defendants argue that Plaintiff's case is barred by the two-year statute of limitations applicable to wrongful death actions, codified at C.R.S. §§ 13-21-204 & 13-80-102(1)(d).  Plaintiff responds that the three-year statute of limitations applicable to tort claims arising from motor vehicle accidents, C.R.S. § 13-80-101(1)(n)(I), should apply to his claims instead.  According to Plaintiff, the three-year motor vehicle statute of limitations should apply because:  (1) Oskars Aberkalns' accident involved the use of a motor vehicle, and, therefore, the motor vehicle statute is more specific to the claims at issue; (2) the Colorado legislature adopted the motor vehicle statute of limitations after the wrongful death statute of limitations; and (3) the motor vehicle statute of limitations is the longer of the two applicable statutes of limitations.

As explained below, the Court agrees with Defendants that the two-year wrongful death statute of limitations should apply.

## **STANDARD OF REVIEW**

Rule 12(c) motions serve a particularly useful purpose if the applicable statute of limitations would bar a party's claims and result in dismissal of the entire controversy as a matter of law. *See, e.g., Hamilton v. Cunningham*, 880 F. Supp. 1407, 1410 (D. Colo. 1995) (citing 5A C. Wright & A. Miller*, Federal Practice & Procedure* § 1367 (1990)); *see also EEOC v. W.H. Braum, Inc.*, 347 F.3d 1192, 1195 (10th Cir. 2003) (noting that the "issue of the proper limitations period" is a legal question reviewable under Rule 12(c)).

However, judgment on the pleadings under Rule 12(c) is a drastic remedy that courts should otherwise use sparingly. *See Power Motive Corp. v. Mannesmann Demag Corp.*, 617 F. Supp. 1048, 1049 (D. Colo. 1985). Courts review a motion for judgment on the pleadings using the same standard as a motion under Rule 12(b)(6). *See Ward v. Utah*, 321 F.3d 1263, 1266 (10th Cir. 2003); *Ramirez v. Department of Corr.*, 222 F.3d 1238, 1240 (10th Cir. 2000). Thus, a court should determine whether a plaintiff has stated enough facts in the pleadings to raise a plausible claim for relief. *See, e.g., Teigen v. Renfrow*, 511 F.3d 1072, 1078 (10th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) for the standard on a motion to dismiss for failure to state a claim). Like a Rule 12(b)(6) motion, a court should accept the allegations in the complaint as true and construe them in a light most favorable to the plaintiff when deciding a Rule 12(c) motion. *See Ward*, 321 F.3d at 1266.

## ANALYSIS

As shown below, Plaintiff sues under a right created by C.R.S. § 13-21-201, *et seq.* (the "Wrongful Death Act") and the Court finds no ambiguity in the plain language of the wrongful death statute of limitations. Thus, the Court need not resort to the interpretive tests cited by Plaintiff to determine which statute of limitations should apply in this case.

**I.     APPLICABLE LAW**

    A.    <u>The Nature of the Right Sued Upon Determines the Applicable Statute of Limitations</u>.

Under Colorado law, the nature of the right sued upon determines the applicable statute of limitations. *See San Juan Basin Consortium, Ltd. v. EnerVest San Juan Acquisition Ltd. P'Ship*, 67 F. Supp. 2d 1213, 1224 (D. Colo. 1999) (holding that nature of the right sued upon determines applicable statute of limitations); *Insurance Co. of N. Am. v. Aspen Alps Condominium Assoc.*, 915 F. Supp. 1122, 1125 (D. Colo. 1996) (same). When determining the nature of the action, the substance of the right infringed, not the specific legal theory of recovery determines the nature of the action. *See Pitkin County v. Timroth*, 87 P.3d 102, 105 (Colo. 2004).

The Colorado Supreme Court has adopted multiple interpretive tests to determine which statute of limitations a court should apply if the nature of the right sued upon leads to the potential application of more than one statute of limitations. *See, e.g., Hersh Cos. Inc. v. Highline Village Assocs.*, 30 P.3d 221, 223-24; *Regional Transp. Dist. v. Voss*, 890 P.2d 663, 668 (Colo. 1995); *Dawson v. Reider*, 872 P.2d 212, 214 (Colo.

1994). However, a court should only turn to the rules of statutory interpretation if it cannot determine the legislative intent behind the statute from a reading of the statute's plain language. *See People v. Luther*, 58 P.3d 1013, 1015 (Colo. 2002) ("[T]he court must begin with the plain language of the statute. If the statute is unambiguous and does not conflict with other statutory provisions, we need look no further.") (citation omitted); *Jones v. Cox*, 828 P.2d 218, 221 ("When the statutory language is clear and unambiguous, there is no need to resort to interpretive rules and statutory construction."); *cf. Dawson*, 872 P.2d at 213-14 (court resorted to interpretive rules because "the statutes are not clear as to which is controlling").

### B. The Colorado Wrongful Death Act

The Wrongful Death Act allows a decedent's heirs to recover damages from a tortfeasor whose tortious activity caused the decedent's death. *See* C.R.S. §§ 13-21-201 & 202; *Jones v. Hildebrant*, 432 U.S. 183, 185 (1977) (citing *Fish v. Liley*, 208 P.2d 930, 933 (Colo. 1949)). As described by the Colorado Supreme Court in *Fish*, the Wrongful Death Act:

> contemplates a living tortfeasor and provides a compensatory remedy to the beneficiaries named and therein authorized to sue. . . . Properly considered, however, the [Wrongful] Death Act is not a survival statute. This is true for the reason that the cause of action created by the statute is separate and distinct from the action which the deceased would have for personal injuries had he survived.

*Fish*, 208 P.2d at 932. *See also* C.R.S. § 13-21-201.

Colorado first enacted a wrongful death statute in the late 1800s. *See Taylor v. Welle*, 352 P.2d 106, 108 (Colo. 1960). Wrongful death claims did not exist at common

law and even today are considered creatures of statute and subject to the limitations imposed in the Wrongful Death Act.  *See, e.g., Taylor*, 352 P.2d at 108-09 (noting that prior to enactment of the Wrongful Death Act, "there was no common law right of recovery against one who tortiously caused the death of another"); *DeCicco v. Trinidad Area Health Assoc.*, 573 P.2d 559, 561-62 (Colo. Ct. App. 1977) ("The wrongful death action is a statutory one, enacted in derogation of the common law.").

Critically for purposes of this case, the Wrongful Death Act contains its own statute of limitations, C.R.S. § 13-21-204.  That statute incorporates by reference C.R.S. § 13-80-102, Colorado's two-year statute of limitations.  Subsection (1)(d) of § 13-80-102 contains the provision applicable to wrongful death claims:  "The following civil actions, **regardless of the theory upon which suit is brought**, or against whom suit is brought, shall be commenced within two years after the cause of action accrues, and not thereafter:  (d)  All actions for wrongful death . . ." (emphasis added).  The Colorado legislature has fixed the time of accrual for wrongful death claims at the time of death; there is no "discovery rule" or other means to toll the running of the statute in this case.  *See* C.R.S. § 13-80-108(2).  Thus, to survive a dispositive motion based on the statute of limitations, an heir must commence a wrongful death action within two years of the date of death.

## II. THE TWO-YEAR STATUTE OF LIMITATIONS APPLIES

Initially, the Court notes that the parties do not dispute the relevant facts. As such, the determination of Defendants' Motion is a purely legal question the Court can readily answer at this point in the litigation.

Defendants argue that Plaintiff's wrongful death claims are time-barred by the two-year statute of limitations specified at C.R.S. §§ 13-21-204 and 13-80-102(1)(d). In response, Plaintiff argues that either the two-year wrongful death statute of limitations or the three-year motor vehicle statute of limitations contained at C.R.S. § 13-80-101(1)(n)(I) could apply to his claim. Plaintiff then proceeds to argue that interpretive tests (adopted by the Colorado Supreme Court to determine which of two applicable statutes of limitations should apply to a given claim) lead to application of the three-year statute of limitations in this case.

The Court finds that it need not resort to those interpretive tests because Plaintiff's claims arise under a right created by the Wrongful Death Act and the plain language of the Act and the statutes of limitations is unambiguous. Thus, the Court concludes that the two-year wrongful death statute of limitations is the only applicable statute.

### A. Plaintiff's Claims Arise Under A Right Created By the Wrongful Death Act, Not Traditional Tort Law.

Plaintiff is not, as he argues, suing on "the right not to be injured by the negligent use or operation of a motor vehicle." (Doc. # 17 at 5.) Under the facts of this case, that right belonged to Oskars Aberkalns, not to Plaintiff. Instead, Plaintiff's right to sue only

7

came into existence upon Oskars Aberkalns' death and Plaintiff is suing upon his own right to be free from having to suffer the wrongful death of his father.

The mere fact that Plaintiff has permeated his wrongful death action with other claims couched in the more traditional tort fields of negligence, negligence *per se*, *respondeat superior*, felonious killing, negligent hiring, negligent retention, negligent entrustment, negligent maintenance and negligent failure to inspect does not remove these claims from the umbrella of the Wrongful Death Act.  *See* C.R.S. § 13-80-102(1)(d) (two-year statute of limitations applies "regardless of the theory upon which suit is brought" to "[a]ll actions for wrongful death").  *See also, e.g., Nelson v. Hall*, 573 F. Supp. 1097, 1098 (D. Colo. 1983) ("Whatever right a plaintiff has to bring a wrongful death action is based solely on the wrongful death statute."); *Pizza Hut of Am., Inc. v. Keefe*, 900 P.2d 97, 102 (Colo. 1995) ("The cause of action **created by this statute** [the Wrongful Death Act] arises out of tortious acts which injured the decedent and resulted in the decedent's death. . . .") (emphasis added); *Taylor*, 352 P.2d at 108 ("The Wrongful Death [Act] created a new cause of action which did not theretofore exist."); *DeCicco*, 573 P.2d at 561-62 ("[t]he wrongful death action **is a statutory one**") (emphasis added).  Indeed, Plaintiff has not shown that he could sustain his "tort" causes of action without relying on the Wrongful Death Act.  Moreover, he does not allege that he was physically present or involved in the accident that tragically killed Oskars Aberkalns.  *Cf. DeCicco*, 573 P.2d at 562 (holding that outrageous conduct claim could be sustained independently from wrongful death claim since "Outrageous

conduct . . . is a personal tort in which the misconduct of the tortfeasor caused direct injury to the person seeking recovery.").

In fact, Plaintiff concedes that his entire action must sound under the Act, and not general tort law, when his complaint states, "This is an action for **wrongful death** . . ." in the first numbered paragraph. (Doc. # 1 at Ex. 1, ¶ 1 (emphasis added).)[1] In that same paragraph, Plaintiff goes on to cite C.R.S. § 13-21-202, the very section of the Wrongful Death Act that allows Plaintiff to bring this lawsuit in derogation of the common law.[2] Plaintiff later incorporates the allegations in paragraph number one into his remaining claims. (*See, e.g.,* Doc. # 1 at Ex. 1, ¶¶ 2.1, 3.1, 4.1, 5.1, 6.1, 7.1, 8.1, 9.1 and 10.1.)

Admittedly, Plaintiff's claims involve "the use or operation of a motor vehicle," which might otherwise implicate the three-year tort statute of limitations in C.R.S. § 13-80-101(1)(n)(I). However, in arguing for application of the three-year statute of limitations, Plaintiff ignores the legal basis for his claims, the Wrongful Death Act. As noted above, the right to recover for wrongful death is a unique statutory creation

---

[1] Notably, Plaintiff also titles his first claim for relief, "Wrongful Death." (Doc. # 1 at Ex. 1, ¶¶ 1.1-1.6.)

[2] That section states:

When the death of a person is caused by a wrongful act, neglect, or default of another, and the act, neglect, or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then, and in every such case, the person who or the corporation which would have been liable, if death had not ensued, shall be liable in an action for damages notwithstanding the death of the party injured.

C.R.S. § 13-21-202.

that did not exist at common law.  See *Taylor*, 352 P.2d at 108-09; *Denver & Rio Grande R.R. Co. v. Frederic*, 140 P. 463, 466 (Colo. 1914); *DeCicco,* 573 P.2d at 561-62.  Put another way, the Wrongful Death Act created an entirely new right that belongs only to the heirs of the decedent, not to the decedent himself.  See *Fish*, 208 P.2d at 932-934; *Lee v. Fort Morgan*, 235 P. 348, 349 (Colo. 1925).  This is the right upon which Plaintiff sues in this case.

Given the unique features of a wrongful death claim and the allegations in Plaintiff's complaint, the Court finds that the right on which Plaintiff sues is the statutory right created by the Wrongful Death Act and not a right he or his father might have had pursuant to common tort law.  As such, the Court must turn to the plain language of two-year statute of limitations specified by the Act, C.R.S. § 13-80-102(1)(d).  *See San Juan Basin Consortium*, 67 F. Supp. 2d at 1224.

      B.     <u>The Plain Language of C.R.S. §§ 13-80-102(1)(d) and 13-80-101(1)(n)(I) Is Unambiguous</u>.

The plain language of the wrongful death statute of limitations and the motor vehicle statute of limitations makes clear that the wrongful death statute of limitations applies in this case.

          *1.     C.R.S. § 13-80-102(1)(d) is unambiguous.*

The wrongful death statute of limitations states in unambiguous language that it applies to "**All** actions for wrongful death."  C.R.S. § 13-80-102(1)(d) (emphasis added). This subsection explicitly uses the word "all" and does not contain any exclusions like the general tort statute of limitations in subsection 102(1)(a).  Moreover, subsection

102(1)(d) does not contain confusing or conflicting terms and the Court concludes that the plain language is susceptible to only one reasonable interpretation. Thus, the legislative intent is clear on the face of C.R.S. § 13-80-102(1)(d), the statute applies to wrongful death actions regardless of the underlying factual circumstances.

        2.     *C.R.S. § 13-80-101(1)(n)(I) is unambiguous.*

Just as the language of C.R.S. §§ 13-80-102(1)(d) reflects that a two-year statute of limitations applies to "all" wrongful death actions, the plain language of Plaintiff's preferred statute, C.R.S. § 13-80-101(1)(n)(I), unambiguously indicates that it **does not** apply in this case. Subsection 101(1)(n)(I) applies to "**tort actions** for bodily injury or property damage arising out of the use of a motor vehicle. . . ." C.R.S. § 13-80-101(1)(n)(I) (emphasis added). Focusing on the term, "bodily injury," Plaintiff argues that this Court should construe "tort actions for bodily injury or property damage" to include claims for wrongful death.

However, in asking the Court to apply subsection 101(1)(n)(I), Plaintiff has ignored a term that controls rest of the language in the statute, "tort actions." On its face, subsection 101(1)(n)(I) applies to "tort actions," whereas C.R.S. § 13-80-102(1)(d) applies to "actions for wrongful death." *Compare* C.R.S. §§ 13-80-102(1)(d) *with* 13-80-101(1)(n)(I). Thus, the Court need not attempt to interpret the term "bodily injury" or deviate from the plain language on subsection 101(1)(n)(I).

## **CONCLUSION**

The nature of the right Plaintiff sues upon clearly arises under the Wrongful Death Act, not tort law. As such, the Court looks to the two-year wrongful death statute of limitations, C.R.S. § 13-80-102(1)(d). Finding no ambiguity in the language of the this statute or the motor vehicle statute of limitations, the Court holds that it need not resort to statutory interpretation tests. *See Luther*, 58 P.3d at 1015; *Jones*, 828 P.2d at 221. Thus, the two-year statute applies in this case. Finally, because Plaintiff filed this action outside of the two-year limitations period, his claims must be dismissed with prejudice. *See Ritter v. Aspen Skiing Corp.*, 519 F. Supp. 907, 908 (D. Colo. 1981).

Accordingly, Defendants' Motion (Doc. # 8) is GRANTED. It is further ORDERED that Plaintiff's claims are DISMISSED WITH PREJUDICE.

DATED: May   15  , 2009

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge